**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **THOMAS L. D'AQUIN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 26-00877** |
| **AFTERPAY US SERVICES, LLC** | **SECTION: T (1)** |

### ORDER AND REASONS

Before the Court is a Motion for Temporary Restraining Order (R. Doc. 3) filed by Plaintiff Thomas L. D'Aquin. Having reviewed the Motion, the Complaint, and the applicable law, the Court will **DENY** Plaintiff's Motion for the reasons set forth below.

## I. BACKGROUND

Defendant Afterpay US Services, LLC, is a financial technology company that provides "Buy Now, Pay Later" services allowing consumers to purchase products in interest-free installments, with a certain amount paid upfront and applying late fees if scheduled payments are missed.[1] This action stems from Plaintiff's allegations that Defendant failed to "restore account access" and imposed "shifting conditions" despite Plaintiff having "paid multiple balances in reliance on Defendant's representations." R. Doc. 1, p. 1. Plaintiff asserts Defendant provided "evasive responses and no meaningful phone support." *Id.* He asserts causes of action for breach of contract, promissory estoppel, unfair trade practices, and violations of the Truth in Lending Act. *Id.* He provides screenshots of communications with Defendant and his account balances. R. Doc. 1-1.

In his Motion for a Temporary Restraining Order pursuant to Federal Rule of Civil

---

[1] https://www.afterpay.com/en-US accessed on April 30, 2026.

1

Procedure 65, Plaintiff asserts "ongoing harm" and alleges "Defendant failed to restore access despite compliance and provides no clear criteria." R. Doc. 3, p. 1. He seeks injunctive relief demanding that Defendant "[r]estore [his] account OR provide clear reinstatement criteria." *Id.*

## II. LAW and ANALYSIS

Rule 65 of the Federal Rules of Civil Procedure provides that a district court "may issue a temporary restraining order without written or oral notice to the adverse party only if (a) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (b) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). A preliminary injunction may only be issued "on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

"Temporary restraining orders and preliminary injunctions are extraordinary forms of relief and require plaintiffs to carry an onerous burden." *Cajun Servs. Unlimited, LLC v. Benton Energy Serv. Co.*, No. CV 17-491, 2020 WL 10486334, at *4 (E.D. La. Oct. 16, 2020) (quoting *Scott v. S. Elec. Supply Co.*, No. 3:13-CV-119, 2013 WL 12108746, at *1 (N.D. Miss. May 14, 2013) (citing *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Trinity USA Operating, LLC v. Barker*, 844 F. Supp. 2d 781, 785 (S.D. Miss. 2011))). "Temporary restraining orders function to preserve the status quo by preventing irreparable harm until the preliminary injunction hearing." *Id.* (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

It is well-settled that to obtain a temporary restraining order, the movant must demonstrate all four of the following elements: (1) a substantial likelihood of prevailing on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury

outweighs any harm that will result to the non-movant if the injunction is granted, and (4) the injunction will not disserve the public interest. *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). A temporary restraining order is not warranted when the movant fails to demonstrate irreparable injury. *See, e.g.*, *Sanders v. Nat'l Missionary Baptist Convention of Am.*, No. CV 12-2404, 2012 WL 12874264, at *1 (E.D. La. Oct. 3, 2012). "Ultimately, temporary restraining orders are extraordinary relief and are rarely issued." *Id.* (citing *Treen v. Brown*, No. 10-3359, 2010 WL 4027714, at *1 (E.D. La. Oct. 13, 2010)) (internal quotation marks omitted). The decision to grant or deny a temporary restraining order, like that of a preliminary injunction, is within the sound discretion of the district court. *See Miss. Power & Light Co. v. United Gas Pipeline Co.*, 760 F.2d 618, 621 (5th Cir. 1985). "The party requesting a temporary restraining order must clear the high hurdle of demonstrating that it meets the requirements of Rule 65(b) and the four-element standard." *Cajun Servs. Unlimited*, 2020 WL 10486334, at *4.

Here, Plaintiff seeks injunctive relief in the form of an order mandating that Defendant restore access to his account or provide him with "criteria" to do so. R. Doc. 3, p. 1. However, he has not provided an affidavit or verified complaint clearly showing that immediate and irreparable injury, loss, or damage will result before Defendant can be heard in opposition; nor has he asserted, much less certified, any efforts he has made to give notice to Defendant and provide reasons why such notice should not be required. *See* Fed. R. Civ. Pro. 65(b). Moreover, other than bare bones assertions and demands, Plaintiff has pointed to no facts or law to support a finding that there is a substantial likelihood he would prevail on the merits, that there is a substantial threat of irreparable injury if the injunction is not granted, that the threatened injury outweighs any harm that will result to Defendant if the injunction is granted, or that the injunction will not disserve the public interest. *See Ridgely*, 512 F.3d at 734.

3

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Temporary Restraining Order (R. Doc. 3) is

**DENIED**.

New Orleans, Louisiana, this 30th day of April 2026.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE