UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THOMAS L. D'AQUIN | * | CIVIL ACTION |
| VERSUS | * | NO. 26-877 |
| AFTERPAY US SERVICES, LLC | * | SECTION "I" (2) |

**REPORT AND RECOMMENDATION**

Plaintiff Thomas D'Aquin filed a Complaint and an *Ex Parte* Motion for Leave to Proceed *in forma pauperis* on April 23, 2026. ECF Nos. 1-2. On April 29, 2026, Chief Magistrate Judge van Meerveld granted Plaintiff's motion to proceed *in forma pauperis* and, consistent with the duties imposed by 28 U.S.C. § 1915(a) and (e)(2)(B), ordered summons not be issued until completion of the statutorily mandated review. ECF No. 4. This Order also required Plaintiff to file a written response setting forth the specific facts upon which he relies to establish the bases for his federal claim and jurisdiction for his state law claims in accordance with § 1915(e)(2). *Id.* at 5. On April 30, 2026, Plaintiff filed a response. ECF No. 5.

The case was later transferred to Judge Africk and the undersigned. ECF No. 11. In accordance with Local Rule 72.1, this matter was referred to the undersigned United States Magistrate Judge to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B), including frivolousness review under 28 U.S.C. § 1915.

## I. THE COMPLAINT AND RESPONSE

Plaintiff Thomas D'Aquin asserts federal law claims for unspecified violations of the Truth in Lending Act, 15 U.S.C. §§ 1601-1667f, as well as state law claims of breach of contract, detrimental reliance, and unfair trade practices against Defendant Afterpay US Services, LLC. ECF No. 1. Defendant is a financial technology company that provides "Buy Now, Pay Later"

("BNPL") services allowing consumers to purchase products in four interest-free installments, with a certain amount paid upfront and later fees assessed if scheduled payments are missed. ECF No. 7 at 1 (citation omitted). Plaintiff alleges he paid multiple balances in reliance on Defendant's representations, yet Defendant has "failed to restore account access and imposed shifting conditions." ECF No. 1 at 1. Plaintiff alleges Defendant has been "evasive" with its responses and provided no "meaningful phone support." *Id.* He attaches (1) a screenshot entitled "Your orders" that lists remaining balances of $1,014.13, (2) a screenshot of a text message from customer service, and (3) a screenshot stating "Pay off active orders to continue" and "the number of active Afterpay orders you can have at once is currently limited . . . ." ECF No. 1-1.

Plaintiff's Response[1] indicates subject matter jurisdiction is premised on 28 U.S.C. § 1331 because his claims are based on the TILA. ECF No. 5. He reiterates alleged lack of transparency and alleges he was informed of a 6-account limit for Defendant's services, so he reduced his accounts to 5 "in reliance" on same. *Id.* at 1. Nonetheless, Defendant restricted his "access to credit," denied his transactions without explanation, and failed to provide "clear and accurate disclosure of credit terms and conditions." *Id.*

Plaintiff's later filings indicate that he created a new account for which Defendant approved similar transactions, but it lacks access to the same merchants that his original accounts had, which he asserts reflects Defendant's inconsistency and lack of transparency. ECF Nos. 8, 10.

## II. APPLICABLE LAW AND ANALYSIS

### A. Statutorily Mandated Review

Section 1915(e)(2)(B) grants the court authority to summarily dismiss *in forma pauperis*

---

[1] Plaintiff was ordered to provide a more definite statement setting forth the facts upon which he relies to support his causes of action. ECF No. 4 at 5. Because the Response amplifies the original allegations, it is considered part of the complaint. *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (finding *in forma pauperis* plaintiff's answers to court-ordered questionnaire "an integral part of th[e] complaint").

complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[2] Indeed, the statute specifically mandates that the court "*sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune."[3] This review mandate applies to both prisoner and non-prisoner *in forma pauperis* cases.[4]

A claim is "frivolous where it lacks an arguable basis either in law or in fact."[5] A claim "lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[6] A court may not dismiss a claim simply because the facts are "unlikely."[7] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[8]

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[9] The Supreme Court clarified the standard for a Rule 12(b)(6) motion in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To avoid dismissal, a complaint must contain sufficient factual matter to

---

[2] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R.&R. adopted sub nom.*, *Vo v. St. Charles Par.*, No. 10-4264, 2011 WL 740909 (E.D. La. Feb. 22, 2011).

[3] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (emphasis added) (citing 28 U.S.C. § 1915(e)(2)(B)).

[4] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."); *see also Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous).

[5] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[6] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

[7] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

[8] *Id.* (quoting *Denton*, 504 U.S. at 32-33).

[9] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

state a claim to relief that is *plausible* on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[10] If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[11] "Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim."[12]

Although the court must accept all well-pleaded facts as true and consider the complaint in the light most favorable to the plaintiff, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[13] The court may consider not only the allegations but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice.[14]

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and Rule 12(b)(6), the Supreme Court in *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[15] If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and § 1915(e).[16] "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is

---

[10] *Twombly*, 550 U.S. at 555, 570.
[11] *Iqbal*, 556 U.S. at 678.
[12] *Roy v. Cobb*, No. 20-0167, 2020 WL 2045791, at *2 (W.D. La. April 7, 2020) (citing *Twombly*, 550 U.S. at 556).
[13] *Ferrer v. Chevron Corp*., 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citation omitted); *see also SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n for Lehman Bros. Small Balance Com. Mortg. Pass-Through Certificates, Series 2007-3*, 881 F.3d 933, 943–44 (5th Cir. 2018) (holding conclusory fraud allegations that the defendant intended plaintiff to act upon representations and plaintiff acted in reliance on representations insufficient to withstand Rule 12(b)(6) challenge).
[14] *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rts, Ltd.*, 551 U.S. 308, 322 (2007) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (stating that a court may rely on the complaint, its proper attachments, documents incorporated by reference, and matters of judicial notice).
[15] *Moore*, 976 F.2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).
[16] *Id*.

appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[17]

**B. Pleading Standard**

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint set forth "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them."[18] While Rule 8's pleading standard does not require "detailed factual allegations," it does demand more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[19] And while documents filed *pro se* are "liberally construed,"[20] even the complaints of *pro se* litigants must satisfy Rule 8 to convince the court that plaintiff has a colorable claim.[21]

**C. Availability of Amendment**

Claims filed by a *pro se* litigant that fail to state grounds upon which relief can be granted should generally be dismissed without prejudice, unless the plaintiff has been given adequate opportunity to cure the deficiencies or if the pleadings demonstrate the plaintiff has pleaded his best case:[22]

> Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.[23]

---

[17] *Id.*
[18] *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Hous. Auth. of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)), *R.&R. adopted*, 2012 WL 700265 (E.D. La. Feb. 29, 2012).
[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).
[20] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 98, 106 (1976)).
[21] *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (noting that, although *pro se* pleadings are treated more liberally, sufficient facts must be alleged to establish a colorable claim; conclusory allegations do not suffice).
[22] *James v. Smith*, 152 F.4th 594, 610 (5th Cir. 2025) (citing *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 423 (5th Cir. 2017) (per curiam) (citations omitted)); *Ricks v. Khan,* 135 F.4th 296, 300 (5th Cir. 2025).
[23] *Neitzke*, 490 U.S. at 329-30.

Unless it is clear that a plaintiff is unwilling or unable to amend in a manner that will avoid dismissal, the court errs in not providing a *pro se* plaintiff with at least one opportunity to cure pleading deficiencies before dismissing.[24]

When, however, the "complaint alleges the plaintiff's best case," a further factual statement from the plaintiff need not be allowed.[25] Further, the district court may deny leave to amend "if allowing an amendment would be futile."[26] An amendment is futile if it would not survive a Rule 12(b)(6) motion.[27] Similarly, frivolous claims are generally dismissed with prejudice and without leave to amend because the plaintiff cannot cure the frivolity.[28]

**D. Truth in Lending Act ("TILA")**

The TILA is a federal consumer protection statute that provides consumers with a cause of action against creditors that fail to make required disclosures.[29] It serves to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices."[30]

Section 1638 requires the creditor to make certain disclosures in a consumer credit transaction at the time the credit contract is executed, including the identity of the creditor; the amount financed; a statement of the consumer's right to obtain a written itemization of the amount

---

[24] *Dierlam v. Trump*, 977 F.3d 471, 478 n.44 (5th Cir. 2020) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 329 (5th Cir. 2002)); *see also Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (cleaned up); *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020).
[25] *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (citation omitted).
[26] *See Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014) (citing *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2004)); *Rivera-Colon v. Parish of St. Bernard*, 516 F. Supp. 3d 583, 591 (E.D. La. 2021) (citing *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010)).
[27] *Marucci Sports*, 751 F.3d at 378 (citation omitted); *see also Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. Am. Co*., 195 F.3d 765, 771 (5th Cir. 1999); *Leffall v. Dall. Indep. Sch. Dist*., 28 F.3d 521, 524 (5th Cir.1994)).
[28] *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc).
[29] *Williams v. Countrywide Home Loans, Inc*., 504 F. Supp. 2d 176, 184 (S.D. Tex. 2007), *aff'd,* 269 F. App'x 523 (5th Cir. 2008)
[30] 15 U.S.C. § 1601(a).

financed; the finance charge expressed as an "annual percentage rate"; the sum of the amount financed, the number amount, and due dates of payments; a statement that a security interest has been taken where the credit is secured; and late payment penalties.[31] TILA's Regulation Z regulates certain credit card practices and provides a means for resolving credit billing disputes.[32]

Section 1640(a) authorizes private suits against "any creditor" and allows recovery of statutory damages to ensure proper disclosure and remedy nondisclosure violations. Under 15 U.S.C. § 1602(g), a creditor primarily is a person

> who both (1) regularly extends . . . consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no[ne] . . . , by agreement.

For purposes of 15 U.S.C. § 1666 through § 1666j and certain subsections of § 1637,[33] TILA defines a creditor as a "card issuer[ ]," regardless of whether the qualifications of (1) are met, and card issuers are subject to those sections' requirements and regulations promulgated by the Consumer Financial Protection Bureau ("CFPB").[34] A card issuer is a person who issues a "credit card," which is defined as "any card, plate, coupon book or other credit device existing for the purpose of obtaining money, property, labor, or services on credit."[35]

Plaintiff does not allege sufficient facts to establish that Defendant meets the primary definition of a creditor under § 1602(g), and thus, it is not subject to civil liability under § 1640(a). Defendant offers loans payable in four or fewer installments, and there is no indication that a

---

[31] *McLean v. Big Dog Grp., LLC*, No. 15-40, 2016 WL 3211514, at *4 (M.D. La. Mar. 11, 2016) (citing 15 U.S.C. § 1638); *Ananiev v. Aurora Loan Servs., LLC*, No. 12-2275, 2012 WL 2838689, at *4 (N.D. Cal. July 10, 2012) (citing *Meyer v. Ameriquest Mortg. Co*., 342 F.3d 899, 902 (9th Cir. 2003); § 1601(a)).
[32] 12 C.F.R. §§ 226.1(b), 1026.1(b).
[33] Specifically, creditors that are card issuers are subject to § 1637(a)(5)-(7) and (b)(1)-(3), (8), and (10). § 1602(g).
[34] § 1602(b), (g); *see* 15 U.S.C. §1604(a) (granting the CFPB the authority to prescribe regulations to carry out the purposes described in § 1601). There are three other definitions for creditor provided by § 1602(g), but none are relevant for purposes of this Report and Recommendation considering the loans Defendant offers.
[35] § 1602(l), (o).

financial charge is or may be required before credit is extended.[36] And while the CFPB issued a May 31, 2024, interpretive rule characterizing BNPL lenders like Defendant as card issuers by concluding that "digital user accounts" are "other credit devices,"[37] the CFPB withdrew that interpretative rule on May 12, 2025.[38] In the withdrawal notice, the CFPB made clear that any change to include closed-end BNPL credit within the definition of credit card could only be adopted after the appropriate notice and comments rulemaking procedures.[39] Accordingly, since Defendant is not a creditor under the TILA, Plaintiff cannot assert a TILA claim against it.

Even if Defendant were considered a § 1602(g) creditor subject to certain subsections of 1637(a)[40] and (b),[41] Plaintiff does not allege missing items in any statement from Defendant. Rather, Plaintiff alleges only that Defendant failed to disclose the "criteria governing approval or denial of transactions." ECF No. 5 at 1. The criteria governing approval or denial of a transaction, however, is not one of the required disclosures by a creditor/card issuer under § 1602(g).[42] Nor does any alleged difference in access to merchants between Plaintiff's new account and former account appear to violate any provision of § 1666 through § 1666j. As such, Plaintiff has failed to state a plausible § 1604(a) claim for relief against Defendant even if it were within the definition

---

[36] *See How It Works*, AFTERPAY, https://www.afterpay.com/en-US/how-it-works (last visited Aug. 5, 2026). A "finance charge" is "the sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit." 15 U.S.C. § 1605(a). In other words, finance charges "serve as precursors to extension of credit." *Esquibel v. Chase Manhattan Bank U.S.A., N.A.*, 276 F. App'x 393, 396 n.5 (5th Cir. 2008).

[37] *See* Truth in Lending (Regulation Z); Use of Digital User Accounts to Access Buy Now, Pay Later Loans, 89 Fed. Reg. 47068 (May 31, 2024).

[38] *See* Interpretive Rules, Policy Statements, and Advisory Opinions; Withdrawal, 90 FR 20084, 20086 (May 12, 2025).

[39] *See Fin. Tech. Ass'n v. CFPB*, No. 24-2966, ECF No. 21 at 1-2 (D.C.C. June 2, 2025).

[40] Section 1367(a) describes required disclosures for creditors offering open end consumer credit plans. See § 1602(j) for the definition of an open end consumer credit plan.

[41] Section 1367(b) describes the items required to be set forth in a statement transmitted by the creditor at the end of each billing cycle.

[42] *See* §§ 1602(g), 1637(a)(5)-(7).

of a § 1602(g) creditor that is a card issuer.[43]

Further, any action to enforce a TILA violation must be brought within one year after the date of the violation.[44] "The violation 'occurs' when the transaction is consummated. Nondisclosure is not a continuing violation for purposes of the statute of limitations."[45] "The credit transaction is consummated when 'a contractual relationship is created between a creditor and consumer.'"[46] Although Plaintiff does not specify when he established a contractual relationship with Defendant, he does reference an earlier action filed July 12, 2025. ECF No. 5 at 1; *see D'Aquin v. Afterpay US, Inc.*, No. 25-1430, ECF No. 1 (E.D. La. July 12, 2025). That action was dismissed without prejudice due to service issues. ECF No. 13. Had Plaintiff established a relationship with Defendant more than one year prior to instituting this case on April 23, 2026, any TILA claim would also be prescribed.

**E. <u>Supplemental Jurisdiction</u>**

When the court has jurisdiction over a cause of action, 28 U.S.C. § 1367 authorizes the court to exercise supplemental jurisdiction over other claims that do not independently fall within its jurisdiction, but that form part of the same "case or controversy."[47] The supplemental claims must be "so related" to the claims over which the court has original jurisdiction, i.e., both claims

---

[43] *See Garcia v. Universal Mortg. Corp.*, No. 12-2460, 2013 WL 1858195, at *6 (N.D. Tex. May 3, 2013) (finding the plaintiffs failed to state a claim under TILA where the court was unable to determine from the plaintiff's allegations how the defendant violated TILA and where the plaintiffs provided no details regarding the particular items that were not disclosed to them or the provision of TILA that the defendant violated); *Val-com Acquisitions Tr. v. Bank of Am., N.A.*, No. 10-1965, 2011 WL 2312284, at *3 (N.D. Tex. June 9, 2011) (finding that plaintiffs have not shown that the alleged violation gave rise to a viable claim for relief where the plaintiffs failed to identify the provisions of TILA which were allegedly violated through nondisclosure or procedural failures).

[44] § 1640(e).

[45] *Mallard v. Kia Fin. Am.*, No. 25-64, 2026 WL 612314, at *3 (S.D. Miss. Mar. 4, 2026) (quoting *Baggiolini v. Ocwen Fin. Corp.*, No. 19-156, 2019 WL 8331423, at *6 (E.D. Tex. Dec. 12, 2019), *R.&R. adopted*, 2020 WL 813044 (E.D. Tex. Feb. 19, 2020) (quoting *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986))).

[46] *Id.* (citation modified) (citing *Bourgeois v. Haynes Constr. Co.*, 728 F.2d 719, 720 (5th Cir. 1984)).

[47] *Jinks v. Richland County*, 538 U.S. 456, 458 (2003) (quoting § 1367(a)).

must "derive from a common nucleus of operative fact."[48] The court may, however, decline to exercise supplemental jurisdiction over a claim if, among other things, "the district court has dismissed all claims over which it has original jurisdiction."[49]

The court has "wide discretion" to refuse or retain supplemental jurisdiction over a pendent state law claim.[50] In the determination, the court should consider the statutory factors enumerated in § 1367(c) as well as the common law factors of judicial economy, convenience, fairness, and comity.[51] Generally, however, the court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.[52]

Considering Plaintiff's failure to state a TILA claim, the early stages of this proceeding and balancing the relevant factors under § 1367(c) (i.e., judicial economy, convenience, fairness and comity), the Court should decline to exercise supplemental jurisdiction over his state law claims. They should be dismissed without prejudice so that he may pursue same in state court.

## III. <u>CONCLUSION</u>

Plaintiff cannot state a TILA claim against Defendant because Defendant does not fall within TILA's definition of creditor. Even if it did, Defendant's alleged omissions and failures do not fall within the ambit of TILA. Because these defects cannot be cured, the TILA claim should be dismissed with prejudice. In light of that dismissal, the court should decline to exercise

[48] *S J Associated Pathologists, P.L.L.C. v. Cigna Healthcare of Tex., Inc.,* 964 F.3d 369, 373 (5th Cir. 2020) (quoting § 1367(a); *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966))).
[49] § 1367(c)(3).
[50] *Moon v. City of El Paso*, 906 F.3d 352, 360 (5th Cir. 2018) (quoting *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993)).
[51] *Enochs v. Lampasas County*, 641 F.3d 155, 158-59 (5th Cir. 2011).
[52] *Watson v. City of Allen*, 821 F.3d 635, 642 (5th Cir. 2016) (quoting *Brookshire Bros. Holding v. Dayco Prods*., 554 F.3d 595, 602 (5th Cir. 2009)).

supplemental jurisdiction under § 1367(c) over Plaintiff's state law claims, which should be dismissed without prejudice.

## IV. RECOMMENDATION

Accordingly, for the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff Thomas D'Aquin's TILA claim against Defendant Afterpay US Services, LLC be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B) for being legally frivolous and failure to state a claim.

**IT IS FURTHER RECOMMENDED** that Plaintiff's remaining state law claims be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1367(c)(3).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[53]

New Orleans, Louisiana, this 7th day of August, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

[53] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.